UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Barbara Izzarelli,<br>            Plaintiff,<br><br>        v.<br><br>R.J. Reynolds Tobacco Co.,<br>            Defendant. | CIVIL ACTION NO.<br>3:99-cv-2338 (SRU) |

### RULING AND ORDER AWARDING OFFER OF JUDGMENT INTEREST

Barbara Izzarelli smoked Salem King cigarettes for over twenty-five years until she was treated for larynx cancer in 1997. On December 6, 1999, she brought suit against R.J. Reynolds Tobacco Co. ("R.J. Reynolds"), the manufacturer of Salem Kings. On June 4, 2001, Izzarelli timely filed an Offer of Judgment, under seal, with the court (doc. # 47). Almost nine years later, on May 26, 2010, a jury returned a verdict in Izzarelli's favor, finding that R.J. Reynolds was liable for her injuries under theories of strict liability and negligent design. Doc. # 429. On December 30, 2010, judgment entered in favor of Izzarelli in the amount of $7,982,250 in compensatory damages and $3,970,289.87 in punitive damages. Izzarelli moved for award of offer of judgment interest (doc. # 417). R.J. Reynolds objects to the award of offer of judgment interest on the grounds that Izzarelli failed to serve a "notice of filing of the Offer of Judgment" and that such an award, in this case, would not comport with due process. Doc. # 477. For the following reasons, Izzarelli's motion (doc. # 417) is granted.

**I.     Discussion**

     A.     <u>Izzarelli Complied with Conn. Gen. Stat. § 52-192a</u>

R.J. Reynolds maintains that Izzarelli's Offer of Judgment is invalid because Izzarelli failed to notify R.J. Reynolds that she filed the Offer with the court. At the time Izzarelli filed

her Offer of Judgment, Section 52-192a of the Connecticut General Statutes set forth, in pertinent part, that:

> After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, **the plaintiff may, not later than thirty days before trial, file with the clerk of the court a written "offer of judgment" signed by the plaintiff or the plaintiff's attorney**, directed to the defendant or the defendant's attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. **The plaintiff shall give notice of the offer of settlement to the defendant's attorney** or, if the defendant is not represented by an attorney, to the defendant himself or herself. Within sixty days after **being notified of the filing of the "offer of judgment"** and prior to the rendering of a verdict by the jury or an award by the court, the defendant or the defendant's attorney may file with the clerk of the court a written "acceptance of offer of judgment" agreeing to a stipulation for judgment as contained in plaintiff's "offer of judgment."

Conn. Gen. Stat. § 52-192a(a) (2001) (emphasis added). The parties do not dispute that Izzarelli filed an offer of judgment (doc. # 47) or that R.J. Reynolds contemporaneously received the offer. *See* doc. # 476, Declaration of M. Seiden at ¶ 2 (hereafter "Seiden Decl.") ("On June 4, 2001, Plaintiff served an offer of judgment in the amount of $400,000."). Rather, R.J. Reynolds contends that it never received a separate document presumably to be titled "notice of filing of the offer of judgment."

R.J. Reynolds' argument lacks any merit. Connecticut law imposes no requirement on a plaintiff to file and serve a separate "notice of filing of the offer of judgment." The Connecticut Superior Court procedural rules do not require the filing of a separate document as notice of relief requested from the court. *Cf.* N.Y. C.P.L.R.§ 2214 (McKinney's 2010) (requiring the service of a "Notice of Motion" in conjunction with the filing of a motion). Nor do the District's local rules require the filing of a separate "Notice" document when filing an offer of judgment. *See* D. Conn. L. Civ. R. 40 (2001) ("When an offer of judgment is filed pursuant to

2

Connecticut General Statute § 52-192a, the offer of judgment shall be filed in a sealed envelope bearing the caption of the case, the case number and the caption of the document.").

R.J. Reynolds has not identified any case law in support of its contention that the term "notice" in section 52-192a requires the filing and service of a separate "Notice" document. Nor does the statute say as much. *See* Conn. Gen. Stat. § 1-2z. ("The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes."); *see also* Conn. Gen. Stat. § 52-192a (2001). To the contrary, the text of the statute makes no mention of the filing and service of "a notice" and sets forth only that a plaintiff "give notice" of the offer of judgment to the defendant's attorney. Notably, the statue also provides that the defendant's time to respond runs "after being notified of the filing of the offer" and not after receiving "a notice" of the filing of the offer.

Entitlement to offer of judgment interest under 52-192a expressly requires the following sequential steps: (1) the plaintiff files the offer with the court; (2) the plaintiff provides defendant's attorney with notice of the offer; and (3) the defendant fails to accept within the time provided. This sequence is revealed by a plain reading of the statute. *See* Conn. Gen. Stat. § 1-2z . *See* Conn. Gen. Stat. § 52-192a(a) ("If the 'offer of judgment' is not accepted within sixty days and prior to the rendering of a verdict by the jury or an award by the court, the 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled."). When this sequence has been followed, the plaintiff is entitled to offer of judgment interest if the judgment equals or exceeds the offer of judgment. *Id.* at § 52-192a(b) (2001) ("After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain specified in the plaintiff's 'offer of judgment'

3

the court shall add to the amount so recovered twelve per cent annual interest on said amount . . . ."); *see also* Conn. R. Sup. Ct. P. §§ 17-14 to 17-16.

The Connecticut Rules for Superior Court Practice further provide that service of a pleading upon an attorney may be effected by delivering or mailing a copy to the last known address of the attorney or party. Conn. R. Sup. Ct. P. § 10-13. Proof of service may be made by affidavit of the person making service. *Id.* at § 10-14; D. Conn. L. Civ. R. 5(c) (("Proof of service may be made by . . . affidavit of the person making the service.").

Izzarelli effected service of the Offer of Judgment by hand delivery on June 4, 2001. (Doc. # 47). R.J. Reynolds concedes it received the offer of judgment and that the offer received is the document entered on the docket as doc. # 47. Seiden Decl. at ¶ 2. Izzarelli's counsel provided a certificate of service that comports with the proof of service requirements. *See* Conn. R. Sup. Ct. P. § 10-14; D. Conn. L. Civ. R. 5(c). The service of the Offer of Judgment furnished actual notice to R.J. Reynolds that the offer had been made and filed. To the extent that one court has construed service of an Offer of Judgment to require actual notice, i.e., that the defendant must receive the offer, *see TA Operating Corp. v. Kenan Advantage Group, Inc.,* 2007 WL 2938683 (Conn. Super. 2007), Izzarelli complied with that requirement.[1] Accordingly, there

---

[1] R.J. Reynolds relies on *Sattar v. Thomas*, 2003 Conn. Super. LEXIS 1327 (Ct. Super. Ct. April 29, 2003), in support of its contention that Connecticut requires a separate filing of a "notice of offer of judgment" in order to trigger the defendant's time to respond. In that case the plaintiff filed multiple "notices" that he had served an offer of judgment on defendants' attorney but the plaintiff had never actually filed and served the offer of judgment itself. The trial referee found in plaintiff's favor but denied offer of judgment interest because no offer was found in the case file. After the trial referee's report was provided to the court, the plaintiff attempted to cure the defect by filing a motion to correct the record and attaching the offer of judgment to the motion. The court affirmed the trial referee's denial of offer of judgment interest on the basis that nothing in section 52-192a or the Connecticut Rules of Superior Court Practice permitted an offer of judgment to be filed after a decision is rendered. Nothing in *Sattar* suggests that compliance with section 52-192a includes the filing and service of a document titled "Notice." Rather the court found that the filing and service of a notice of offer of judgment was

is no doubt that Izzarelli complied with section 52-192a and that R.J. Reynolds had timely, actual notice of the offer of judgment.

      B.    <u>Award of Offer of Judgment Interest in This Case Comports with Due Process</u>

R.J. Reynolds also argues that an award of offer of judgment interest under the circumstances of this case would be unconstitutional.  First, R.J. Reynolds contends that interest on Izzarelli's total award when added to the punitive damages already awarded would amount a punitive award that is nearly 2.5 times the amount of her compensatory award.  This, R.J. Reynolds argues, would result in a final award, comprised principally of punitive sums, that exceeds the boundaries of punitive damages awards as discussed in *BMW of North America v. Gore*, 517 U.S. 559 (1996).  Second, R.J. Reynolds maintains that the nearly ten-year delay in bringing the case to trial resulted from Izzarelli's repeated requests for more time.  Lastly, in the alternative, R.J. Reynolds argues that offer of judgment interest should not be awarded on Izzarelli's punitive damages award.

R.J. Reynolds' attacks on the constitutionality of an award of offer of judgment interest in this case are unfounded.  The principles set forth by the Supreme Court in *Gore,* instruct the district court, when assessing the excessiveness of an award, to identify the state interest the punitive provision is designed to serve.  *Id.* at 568.  The purpose of section 52-192a is "to encourage pretrial settlements and, consequently, to conserve judicial resources.  The strong public policy favoring the pretrial resolution of disputes . . . is substantially furthered by encouraging defendants to accept reasonable offers of judgment.  Section 52-192a encourages fair and reasonable compromise between litigants by penalizing a party that fails to accept a reasonable offer of settlement.  In other words, interest awarded under § 52-192a is solely related

---

inadequate to invoke section 52-192a and that plaintiff needed to have served defendant the offer of judgment itself.

to a defendant's rejection of an advantageous offer to settle before trial and his subsequent waste of judicial resources." *Blakeslee Arpaia Chapman, Inc. v. EI Constructors, Inc.*, 239 Conn. 708, 742 (1997) (internal citations, quotations and alterations omitted).[2] Section 52-192a "imposes a penalty for wasting *this* state's judicial resources," *Paine Webber Jackson and Curtis, Inc. v. Winters,* 22 Conn. App. 640, 655-56 (App. Ct. 1990) (emphasis in original), and is rationally related to the Connecticut legislature's goal of "encouraging early, fair and reasonable settlement" and therefore accords with constitutional principles of due process. *Blakeslee,* 239 Conn. at 758-59.

    *Gore* concerned a fraud case brought in Alabama by the purchaser of a new automobile against a car manufacturer and dealer in light of the dealer's failure to disclose that the car had been repainted after being damaged prior to delivery. The jury awarded Gore $4,000 in compensatory damages and $4 million in punitive damages. The Alabama Supreme Court conditionally affirmed a reduced award of $2 million in punitive damages. In *Gore* the Supreme Court expressed concern that the punitive damages award was "grossly excessive" in relation to the State's legitimate interest, and that BMW lacked adequate notice of the magnitude of the sanction that would be imposed. Neither concern is present in the instant case.

---

[2] "The purpose of offer of judgment interest was clearly stated in the legislative debate: [T]his Bill addresses a real problem in Connecticut. At the present time we have about a six year delay in civil jury cases in our larger cities, which means if you are a litigant, it will take you six years before your case is heard in a court and this is really a disgraceful situation and the Judiciary Committee has recognized its obligation to try and improve this situation. One major reason for this delay is that one party frequently has an economic incentive or an economic interest to continue the delay, to hold on to the money and not to settle the case since it can invest the proceeds and keep them at a high rate of interest within its own control. . . . So the intent of this Bill is to provide an incentive for both parties to bargain reasonably and in good faith and to settle close cases, rather than delaying the process for themselves and all the many litigants behind them." *Blakeslee,* 239 Conn. at 746 n.37 (quoting 22 H.R. Proc., Pt. 5, 1979 Sess., pp. 1682-83, remarks of Representative John A. Berman).

First, although offer of judgment interest is punitive, "interest awarded under [section] 52-192a is solely related to a defendant's rejection of an advantageous offer to settle before trial and his subsequent waste of judicial resources." *DiLieto v. County Obstetrics and Gynecology Group, P.C.,* 297 Conn. 105, 153 (2010) (internal citations omitted). Second, a total award inclusive of offer of judgment interest that is 2.5 times the compensatory award in this case is not grossly excessive. *See Gore,* 517 U.S. at 580-83; *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution . . . ."); *see also City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189 (1995) (upholding an award where damages were $1.67 million and prejudgment interest amounted to $5.3 million). Lastly, R.J. Reynolds acknowledges that it received Izzarelli's Offer of Judgment. R.J. Reynolds therefore had actual notice that, in the event Izzarelli recovered, by jury verdict or court award, an amount in excess of the offer, it would be required to pay interest on the entire amount recovered. Thus, R.J. Reynolds could have avoided the imposition of offer of judgment interest at any point prior to judgment by settling this case.[3]

Furthermore, neither the amount that Izzarelli has already been awarded nor the protracted history of the case controls the ultimate award of offer of judgment interest. Interest pursuant to section 52-192a is mandatory and must be awarded where an offer of judgment in an amount less than the ultimate judgment was filed by the plaintiff and not timely accepted by defendant. *DiLieto,* 297 Conn. at 153 (2010); *see also Ceci Bros., Inc. v. Five Twenty-One Corp.,* 81 Conn. App. 419 (App. Ct. ), *cert denied,* 268 Conn. 922 (2004) (holding that section

---

[3] R.J. Reynolds' ability to avoid offer of judgment interest by settling prior to judgment was not limited by the need for Izzarelli to agree to settle for an amount less than her offer of judgment. The statute imposes offer of judgment interest when the plaintiff receives a judgment greater than her offer, not a settlement greater than her offer.

52-192a provides for mandatory imposition of interest at a set rate and affords no allowance for the discretion of the court); *Cardenas v. Mixcus*, 264 Conn. 314, 321 (2003) ("Our courts have consistently held that prejudgment interest is to be awarded by the trial court when a valid offer of judgment is filed by the plaintiff, the offer is rejected by the defendant, and the plaintiff ultimately recovers an amount greater than the offer of judgment after trial . . . Moreover, an award of interest under [section] 52-192a is mandatory, and the application of [section] 52-192a does not depend on an analysis of the underlying circumstances of the case or a determination of the facts."). In sum, because Izzarelli complied with the requirements of section 52-192a, and because the punitive award is not grossly excessive when compared to the compensatory award, the particular circumstances of this case do not affect her entitlement to a full interest award.

Finally, with respect to R.J. Reynolds' request that I award offer of judgment interest only on Izzarelli's compensatory award, Connecticut law makes clear that the award is calculated on the entire amount recovered, including both punitive and compensatory damages. *Gionfriddo v. Avis Rent A Car Systems, Inc.,* 192 Conn. 301 (1984) (holding that offer of judgment interest must be awarded on all amounts recovered, even treble damages); *see also Kregos v. Stone*, 88 Conn. App. 459, 467 (App. Ct.), *cert. denied*, 275 Conn. 901 (2005); Conn. R. Sup. Ct. P. § 17-18 (directing that the trial court shall add interest to the amount recovered).

## II.   Conclusion

Izzarelli filed a valid offer of judgment in the amount of $400,000 and provided R.J. Reynolds with the required notice of her offer. R.J. Reynolds possessed the ability, at any point in the years leading up to trial, to settle this case and thereby avoid the imposition of offer of judgment interest. R.J. Reynolds did not do so, and Izzarelli ultimately recovered $11,952,539.87 in compensatory and punitive damages for her injuries. Accordingly, Izzarelli's

motion for an award of offer of judgment interest is granted (doc. # 471). The award shall be calculated from December 6, 1999 (the date Izzarelli's complaint was filed) to the date the amended judgment enters. *See* Conn Gen. Stat. § 52-192a (2001) (when offer of judgment is filed after October 1, 1981, trial court is required to award interest to the prevailing plaintiff from the date of the filing of the complaint if such offer was filed within eighteen months of the filing of the complaint); *see also Willow Springs Condominium Ass'n. v. Seventh BRT Development Corp.,* 245 Conn. 1, 56 (1998) (when offer of judgment is timely filed, trial court shall award interest to the prevailing plaintiff from the date of the filing of the complaint to the date of judgment); *see also Stiffler v. Continental Ins. Co.,* 288 Conn. 38, 49-50 (interest award pursuant section 52-192a is based on the judgment amount). The award shall be at a rate of 12% per annum[4] and calculated as follows: For the period of December 6, 1999 up to and including December 5, 2010, Izzarelli shall be awarded $15,777,352.00 of offer of judgment interest. For each day thereafter until the amended judgment enters, Izzarelli shall be awarded $3,929.60 per day. The clerk shall amend the judgment to reflect the award of offer of judgment interest.

It is so ordered.

Dated at Bridgeport, Connecticut, this 2nd day of March 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

[4] At the time Izzarelli filed her Offer of Judgment the statutory interest rate for offer of judgment interest was 12%. Conn. Gen. Stat. § 52-192a (2001). The legislature has since reduced the offer of judgment interest rate to 8% per annum, but the amendment does not apply to actions accruing before October 1, 2005. Conn. Gen. Stat. § 52-192a (2005), as amended by Public Acts 2005 No. 05-275 § 4 ("Effective October 1, 2005, and applicable to actions accruing on or after said date.").